UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEONTE RUIZ,

     Plaintiff,

v.                                           Case No. 4:19cv69-WS-HTC

STATE OF FLORIDA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's third amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. ECF Doc. 20. After reviewing the third amended complaint, the undersigned finds that it fails to state a claim on which relief may be granted under § 1983. Thus, it is recommended that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

     I.     Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Hamilton Correctional Institution Annex. The third amended complaint names five (5) Defendants: the State of Florida, Governor Ron DeSantis, Attorney General Ashley Moody, the FDOC and Mark Inch, the Secretary of the FDOC. ECF Doc. 20 at 1-2. The third

amended complaint sets forth the factual allegations that follow, the truth of which are accepted solely for purposes of this order.

On December 8, 2007, at the age of twenty (20), Plaintiff stabbed his ex-girlfriend multiple times with a knife.  ECF Doc. 20-1 at 3-5.  On February 4, 2010, a jury found Plaintiff guilty of attempted first-degree murder with a weapon and burglary of a conveyance with an assault or battery while armed.  *Id.* at 7, 9-10.  The state court sentenced Plaintiff to life in prison without the possibility of parole on March 22, 2010.  *Id.* at 12-18.  The conviction and sentence were affirmed on appeal.  *See Ruiz v. State*, 80 So. 3d 420, 421 (Fla. 4th DCA 2012).

In August 2018, Plaintiff submitted prison grievances challenging the Secretary of the FDOC's constitutional authority to detain him for life "without any meaningful opportunity for release and/or any youthful offender review process for conditional or controlled release based on any rehabilitation and maturity advancements."   ECF Doc. 20 at 11.   Plaintiff based the grievances on: (1) psychological and societal studies which suggest the mitigating mental health and developmental factors applicable to juveniles also apply to individuals under the age of twenty-five (25); and (2) a California law which allows some youthful offenders an opportunity to have parole hearings.  *Id.*  at 11-12.  The FDOC returned the grievances without action because the issue is not under the control of the FDOC. *Id.* at 12.

Plaintiff alleges the Constitution requires Florida to provide individuals who are convicted of serious crimes before the age of twenty-five (25) and receive lengthy prison sentences with an opportunity to seek some type of release. He claims incarceration without such an opportunity is unconstitutional and violates the Fifth, Eighth and Fourteenth Amendments. *Id.* at 13. As relief, Plaintiff asks the Court to declare that: (1) Florida's criminal statutes violate the Equal Protection and Due Process Clauses of the U.S. Constitution; and (2) prisoners in the FDOC who committed and were sentenced for crimes between the ages of eighteen (18) to twenty-five (25) are being subjected to unconstitutional conditions of confinement. *Id.* at 28.

II.    Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his third amended complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

Case No. 4:19cv69-WS-HTC

In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to Plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim because plaintiffs had "not nudged their claims across the line from conceivable to plausible"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.   Discussion

State courts in Florida may review and reduce the sentences of individuals who committed certain crimes before they turned 18 years old after they have served a portion of their sentence. *See* Fla. Stat. § 921.1402; *Martinez v. State*, 256 So. 3d 897, 898 (Fla. 4th DCA 2018) (Fla. Stat. §§ 921.1401 and 921.1402 "outline the factors a court must take into account when considering whether a juvenile offender should be sentenced to life and provide a review mechanism for certain sentences

imposed upon juveniles who commit capital, life, or first degree felonies.").  Plaintiff

argues individuals like him who committed crimes before they turned 25 years old

should also be eligible for sentence modification because the mitigating

psychological characteristics found in juvenile offenders also apply to individuals

between the ages of 18 to 25.  ECF Doc. 20 at 8.  Specifically, he argues he should

receive consideration for release after 25 years of imprisonment.  *Id.* at 8, 15.

Plaintiff, however, cannot pursue the requested relief under 42 U.S.C. § 1983.

"An inmate convicted and sentenced under state law may seek federal relief under

two primary avenues: 'a petition for habeas corpus, 28 U.S.C. § 2254, and a

complaint under . . . 42 U.S.C. § 1983.'"  *Hutcherson v. Riley*, 468 F.3d 750, 754

(11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)).  "These

avenues are mutually exclusive: if a claim can be raised in a federal habeas petition,

that same claim cannot be raised in a separate § 1983 civil rights action."  *Id.*

Although Plaintiff claims he is not trying to invalidate his state criminal

judgment or sentence, ECF Doc. 20 at 6-7, the thrust of his complaint is that his

sentence (life imprisonment without the possibility of parole) and confinement are

unconstitutional.[1]  Such a claim is not cognizable in a § 1983 action.  *See Wilkinson*

---

[1] Plaintiff frames his claim as a challenge to the constitutionality of Florida's juvenile judicial
review statutes, arguing the statutes should extend to offenders like him who committed crimes
between the ages of 18 and 25.  This claim, however, is just a veiled challenge to the
constitutionality of Plaintiff's sentence, which does not allow him the opportunity for release.  *See*
*Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that he disclaims any
intention of challenging his conviction; if he makes allegations that are inconsistent with the

*v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred

(absent prior invalidation)—no matter the relief sought (damages or equitable relief),

no matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings)—*if* success in that action would necessarily

demonstrate the invalidity of confinement or its duration."); *Hutcherson*, 468 F.3d

at 754 ("[I]f the relief sought by the inmate would either invalidate his conviction or

sentence or change the nature or duration of his sentence, the inmate's claim must

be raised in a § 2254 habeas petition, not a § 1983 civil rights action.").

In *Wilkinson v. Dotson*, the Supreme Court held § 1983 is an appropriate

vehicle for state prisoners to challenge parole procedures "where success in the

action *would not necessarily* spell immediate or speedier release for the prisoner."

544 U.S. at 81 (emphasis in original); *see also Thomas v. McDonough*, 228 F. App'x

931, 931-32 (11th Cir. 2007) (holding inmate's "claim that the Florida Parole

Commission had committed an *ex post facto* violation by performing only biannual

parole reviews, where annual parole reviews had been required at the time of

---

convictions having been valid, *Heck* kicks in and bars his civil suit.") (citations omitted).  To the
extent Plaintiff is seeking only prospective relief in the form of a declaration that the challenged
statutes are unconstitutional, he would not have standing to bring such a claim.  *See Well v. Att'y
Gen., Fla.*, 470 F. App'x 754, 756 n.3 (11th Cir. 2012) ("Standing for Article III purposes requires
a plaintiff to provide evidence of an injury in fact. . . . In order to challenge the constitutionality of
a criminal statute, a plaintiff must demonstrate an actual and well-founded fear that the law will
be enforced against him. . . . The only plausible injury related to the constitutionality of the
challenged statutes is with respect to Wells's current confinement, which, as discussed above, he
cannot challenge through § 1983.") (citations and quotations omitted).

Case No. 4:19cv69-WS-HTC

[inmate's] conviction in 1969 for second-degree murder[,]" was cognizable under §

1983, not § 2254).  The relief sought by Plaintiff—consideration for release—would

not necessarily result in his release because Florida could consider and determine he

is not suitable for release.

Nevertheless, the claim raised by Plaintiff is distinguishable from that at issue

in *Wilkinson* and must be raised in a habeas petition.  In *Wilkinson*, both prisoner

plaintiffs' sentences contemplated that they could be paroled, and the prisoners

raised procedural challenges to the parole system.  *See Dotson v. Wilkinson*, 329

F.3d 463, 465-66 (6th Cir. 2003).  In contrast, as a component of Plaintiff's sentence,

he is ineligible for parole or release; a judgment in Plaintiff's favor in this case would

invalidate his sentence by determining that offenders between the ages of 18 and 25

must be afforded an opportunity for release at some point.  *See White v. Brown*

*Oregon*, Case No. 6:16-cv-01071-TC, 2017 WL 2371104 (D. Or. May 5, 2017)

*report and recommendation adopted by* 2017 WL 3136445 (D. Or. July 21, 2017)

(distinguishing *Wilkinson* and holding prisoner's claim that he should be provided

opportunity for parole could not be raised in § 1983 complaint because it would

require court to invalidate his 800-month sentence which did not allow for the

possibility of parole).  Thus, to challenge the constitutionality of his sentence,

Plaintiff must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

with its attendant procedural and exhaustion requirements.[2] *See Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996) (A prisoner "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus.").

Plaintiff was previously allowed an opportunity to substantively amend his complaint to state a cause of action under 42 U.S.C. § 1983, if he could do so, or voluntarily dismiss this action. ECF Doc. 14. In the Court's order allowing amendment, the Court specifically noted that Plaintiff's challenge to the constitutionality of his sentence must be made through a habeas petition. *Id.* at 6. Plaintiff then filed a notice of voluntary dismissal, ECF Doc. 15, and the Court directed the clerk to close the file. ECF Doc. 16. Subsequently, Plaintiff sought to reinstate the case and "recall" his notice of voluntary dismissal, stating that "Ruiz recognizes that the type of judicial challenge he is seeking against the state of Florida is a novel concept of litigation he; nonetheless, believes in good faith that he can 'clarify his allegations' sufficient enough to state a claim upon which relief may be granted." ECF Doc. 17 at 2. Specifically, Plaintiff posited that his case is similar to *Wilkinson*. *Id.* The Court reinstated the case, ECF Doc. 18, and Plaintiff filed a

---

[2] This conclusion is supported by the case Plaintiff relies on to support his claim. *See Cruz v. United States*, Civil Action No. 11-CV-787 (JCH), 2018 WL 1541898 (D. Conn. Mar. 29, 2018); ECF Doc. 20-1 at 32-59. *Cruz* involved a federal prisoner's successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, not an action under § 1983. Thus, *Cruz* confirms the type of challenge brought by Plaintiff should be raised in a collateral attack on his criminal judgment, rather than in a civil rights complaint.

second, ECF Doc. 19, and then third amended complaint, ECF Doc. 20. As set forth

above, however, Plaintiff's case is not similar to *Wilkinson*, and is barred by *Heck*.

Given the opportunities Plaintiff has already had to amend his complaint, the

undersigned finds that another opportunity to amend to state a claim under 42 U.S.C.

§ 1983 would be futile.

Accordingly, it is RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief

may be granted.

2.      That the clerk close the file.

At Pensacola, Florida, this 16th day of August, 2019.

                              */s/ Hope Thai Cannon*
                              **HOPE THAI CANNON**
                              **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14
days after being served a copy thereof. Any different deadline that may appear on
the electronic docket is for the Court's internal use only and does not control. A
copy of objections shall be served upon the Magistrate Judge and all other parties.
A party failing to object to a Magistrate Judge's findings or recommendations
contained in a report and recommendation in accordance with the provisions of 28
U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order
based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C.
§ 636.